

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 RICARDO FONVILLE and
D-2 JUSTIN HORNE,

        Defendants.
_____/

Case: 2:25-cr-20030
Assigned To : Lawson, David M.
Referral Judge: Patti, Anthony P.
Assign. Date : 1/23/2025
Description: SEALED MATTER (SS)

Violations:
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

## Indictment

The Grand Jury charges that:

### Count One
### Conspiracy to Distribute and Possess with Intent to Distribute Cocaine
### 21 U.S.C. §§ 846 & 841(a)(1)

D-1 RICARDO FONVILLE
D-2 JUSTIN HORNE

On or about March 19, 2024, in the Eastern District of Michigan, and elsewhere, the defendants, RICARDO FONVILLE and JUSTIN HORNE, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with persons known and unknown to the Grand Jury, to distribute and possess with intent to

distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to the defendant, RICARDO FONVILLE, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

The defendant, RICARDO FONVILLE, having two prior convictions for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from a term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

With respect to the defendant, JUSTIN HORNE, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably

foreseeable to him, is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

The defendant, JUSTIN HORNE, having one prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from a term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

## Count Two
### Attempted Possession of Cocaine with Intent to Distribute
### 21 U.S.C. §§ 846 & 841(a)(1)

D-1 RICARDO FONVILLE
D-2 JUSTIN HORNE

On or about March 19, 2024, in the Eastern District of Michigan, the defendants, RICARDO FONVILLE and JUSTIN HORNE, knowingly and intentionally attempted to possess with intent to

3

distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to the defendant, RICARDO FONVILLE, it is further alleged that the controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

The defendant, RICARDO FONVILLE, having two prior convictions for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from a term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

With respect to the defendant, JUSTIN HORNE, it is further alleged that the controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its

salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

The defendant, JUSTIN HORNE, having one prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from a term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

## Forfeiture Allegations

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under Title 21, United States Code, Section 853.

Under Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and 846, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property

5

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

As part of the forfeiture in this case, the United States intends to seek entry of a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c).

**This is a True Bill.**

*/s/ Grand Jury Foreperson*
Grand Jury Foreperson

Julie A. Beck
Acting United States Attorney

*/s/ Benjamin C. Coats*
Benjamin Coats
Chief, Drug Task Force Unit

*/s/ Paul A. Kuebler*
Paul A. Kuebler
Assistant United States Attorney

Dated: January 23, 2025

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover** | Case: 2:25-cr-20030<br>Assigned To : Lawson, David M.<br>Referral Judge: Patti, Anthony P.<br>Assign. Date : 1/23/2025<br>Description: SEALED MATTER (SS) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** PK |

**Case Title:** USA v. Ricardo Fonville et al.

**County where offense occurred :** ~~Wayne~~ Monroe *(PK)*

**Check One:**   ☒ Felony        ☐ Misdemeanor        ☐ Petty

✓ Indictment/____Information -- **no prior complaint.**
____Indictment/____Information -- **based upon prior complaint** [Case number:               ]
____Indictment/____Information -- **based upon LCrR 57.10 (d)** [Complete Superseding section below].

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

January 23, 2025
Date

s/Paul Kuebler
Paul Kuebler
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9641
Fax:
E-Mail address: Paul.Kuebler@usdoj.gov
Attorney Bar #: P83191

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.